UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>            Plaintiff,<br><br>   v.<br><br>TERESA A. ARRANTS, *et al.*,<br><br>            Defendants. | CASE NO. C15-5276 BHS<br><br>ORDER REMANDING ACTION TO STATE COURT AND DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT |

This matter comes before the Court on Defendant Teresa Arrants's ("Arrants") notice of removal and motion to proceed *in forma pauperis* (Dkt. 1). The Court has considered the notice of removal and the underlying complaint and hereby *sua sponte* remands this case to Kitsap County Superior Court and denies Arrants's motion as moot.

**I. PROCEDURAL HISTORY**

On April 14, 2015, Plaintiff The Bank of New York Mellon ("Bank") filed an unlawful detainer action against Arrants and all other occupants in Kitsap County Superior Court for the State of Washington. Dkt. 1, Exh. 1, ¶ 1. The Bank seeks possession of the property that Arrants allegedly will not vacate. *Id.*

On April 29, 2015, Arrants removed the action to this Court on the basis of federal question jurisdiction. Dkt. 1, Ex. 1. That same day, Arrants moved to proceed *in forma pauperis*. Dkt. 1.

## II. DISCUSSION

### A.   Burden of Proof

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

### B.   Federal Question Jurisdiction

A defendant may remove an action on the basis of federal question jurisdiction. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Thus, "a case may not be

removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

Arrants has not established that the Court has federal question jurisdiction in this case. The Bank filed an unlawful detainer action based solely on state law. The Bank's complaint does not present a federal question. To the extent that Arrants asserts federal defenses to the Bank's claims, a federal defense does not confer federal question jurisdiction on the Court. *See Rivet*, 522 U.S. at 475. Accordingly, the Court lacks federal question jurisdiction.

### III. ORDER

Arrants has not overcome her burden of establishing that removal is proper. Therefore, it is hereby **ORDERED** that this case is *sua sponte* **REMANDED** to Kitsap County Superior Court. Arrants's motion to proceed *in forma pauperis* (Dkt. 1) is **DENIED as moot**. The Clerk shall close this case.

Dated this 1st day of May, 2015.

BENJAMIN H. SETTLE
United States District Judge